IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01033-RM-MJW

PDC ENERGY, INC.,

Plaintiff,

v.

DCP MIDSTREAM, LP,

Defendant.

**ORDER ON
MOTION TO INTERVENE (Docket No. 16)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 30) issued by Judge Raymond P. Moore on May 30, 2014.

Now before the court is the Motion to Intervene (Docket No. 16) filed by Buddy Baker on behalf of himself and a class of similarly situated royalty owners as described in the motion (hereinafter "Baker"). The court has carefully considered the subject motion (Docket No. 16), plaintiff and defendant's responses (Docket Nos. 32 & 33), and Baker's replies (Docket Nos. 35 & 36). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.[1]

---

[1] A Motion to Intervene is a non-dispositive motion that may be determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). See SRS California Operations, LLC v. Kazel, No. 08-cv-01878-MSK-KLM, 2010 WL 194944, at *1 (Jan. 13, 2010); Pub. Serv. Co. of Colorado v. Bd. of Cnty. Comm'rs of San Miguel Cnty., No. 04-cv-01828-REB-CBS, 2005 WL 2293650, at *3 (D. Colo. Sept. 19, 2005).

2

## I. Background

Plaintiff PDC Energy, Inc. is an oil and gas exploration and production company. Plaintiff sells the gas it produces to defendant DCP Midstream, LP pursuant to approximately 90 gas purchase agreements (collectively the "Gas Purchase Agreements"). Defendant then processes the gas and resells the resulting products. The Gas Purchase Agreements provide for a process in which plaintiff is paid a percentage of the proceeds from defendant's sales. This matter involves a dispute over whether defendant has underpaid plaintiff.

Plaintiff pays royalties to various entities and individuals (including Baker) from the proceeds it receives from defendant. In 2008, Baker brought claims in this District on behalf of himself and similarly situated parties alleging that plaintiff was not properly paying the royalties. See 07-cv-01362-JLK-CBS (consolidated with 07-cv-02508). In 2009, plaintiff and Baker settled those claims and executed a settlement agreement (hereinafter the "PDC Settlement Agreement") which set forth how the royalty payments would be calculated and paid.

Baker now seeks to intervene in this matter. Baker argues he is entitled to intervene as a matter of right pursuant to Rule 24(a). Alternatively, Baker argues in favor of permissive intervention pursuant to Rule 24(b)(1)(B).

## II. Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that

3

disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co., 407 F.3d 1091, 1103 (10th Cir. 2005). Neither plaintiff nor defendant challenge the timeliness of Baker's motion to intervene. They do, however, argue Baker has failed to meet the other three requirements.

As to the first and second requirements, Baker concedes he is not a party to the Gas Purchase Agreements. Nevertheless, Baker argues he has an interest in this matter by virtue the PDC Settlement Agreement. Specifically, Baker points out that, pursuant to the PDC Settlement Agreement, the settlement class will be entitled to recover their proportionate royalty share of any amount defendant is found to have underpaid plaintiff in connection with this matter.

The problem with Baker's argument is that any interest he has is clearly collateral to this action and contingent on plaintiff prevailing. Baker's interest in royalty fees is collateral to plaintiff's claims, and this interest is contingent on plaintiff prevailing. In other words, Baker's claims involve how much plaintiff must allocate to Baker *if* plaintiff prevails. The court finds that such an interest is insufficient to support intervention by right.

Mitchell v. Faulkner, No. 07 Civ. 2318(DAB), 2009 WL 585882 (S.D.N.Y. Mar. 5,

4

2008), proves instructive on this issue. Mitchell involves the 1970s rock group, the Bay City Rollers. The plaintiff band members brought breach of contract claims against the defendant record company for failure to account for and pay certain royalties. Former members of the band sought to intervene the case. The putative intervenors were not a party to the 1981 contract between the plaintiffs and the record company. Rather, they claimed to have an interest in the royalties by virtue of various alleged oral and written agreements with the band members and with the record company regarding how the royalties would be divided among the former band members.

In finding they did not have an "interest" sufficient to meet the second requirement, the court noted that the former band members' claims "did not rise from Plaintiffs' pleadings or cause of action, but instead, seek to inject new questions of both law and fact." Id., at *5. Any interest the former band members had in the royalties was "contingent upon" the plaintiffs' recovery from the record company. Id. (internal quotation marks omitted) (quoting Wash. Elec. Co-op, Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)). Accordingly, the former band member's aim to intervene was not to "advance the underlying litigation but to raise a new issue concerning how much of the recovery" was due from the plaintiffs to the former band members. Id. (internal quotation marks omitted) (quoting Compagnie Noga D'Imp. Et D'Exp. S.A. v. The Russian Fed'n, 2005 WL 1690534, at *4 (S.D.N.Y. July 20, 2005)).

The court also found that, even assuming the former band members had an interest, that interest would not be affected, impaired, or impeded by the disposition of the matter. The court noted that the former band members' participation had "nothing to do with whether or how much Plaintiffs may or may not recover in their breach of

5

contract action against [the record company], and the disposition [of] the instant action without [the former band members'] participation will not bar under the doctrines of *res judicata* or collateral estoppel any future attempt by [the former band members] to pursue their share of the royalties against Plaintiffs." Id., at *5.

This court finds that the reasoning in Mitchell is sound and adopts it in whole. The court further finds the reasoning is applicable to the circumstances in this matter. Any additional royalty payments due to Baker are plainly contingent upon plaintiff's recovery in this matter. Baker is seeking to raise a new issue as to how much of plaintiff's (possible) recovery will be due to him. Furthermore, if plaintiff is successful in this action, nothing prevents Baker from then pursuing plaintiff for his share.

Baker argues Mitchell is distinguishable because the former band members' request to intervene "was denied because their claim to a proportionate share of royalties . . . was not derived from the amounts the plaintiffs sought to recover from the defendants under the 1981 contract." Docket No. 35, at 7. In other words, additional legal and factual issues would need to have been resolved to determine the former band members' share. In contrast, Baker points out that his share of plaintiff's (possible) recovery "is not dependant upon an occurrence of a sequence of events after a judgment is entered in this case" since the amount can be calculated during this litigation based upon the method set forth in the PDC Settlement Agreement. Id.

The court does not agree with Baker's contention that any additional legal and factual issues would be minimal. As Baker states elsewhere in his reply, there is a "substantial possibility" that plaintiff and Baker "will diverge with respect as to how the PDC settlement class members' royalty share should be calculated and paid to them."

6

Docket No. 35, at 10-11.  Having reviewed the pleadings related to Baker's motion to intervene, the court agrees.

Baker also argues that his (contingent) interest will be impaired by the disposition of this matter.  Baker argues that plaintiff could enter into a "discounted" settlement with defendant, thereby reducing his share.  The court finds that this argument is too speculative.  In addition, the same situation was certainly possible in Mitchell.

Furthermore, even if it is assumed that the second and third requirements have been met, it is clear the fourth requirement cannot be.  It is presumed that representation is adequate "when the objective of the applicant for intervention is identical to that of one of the parties."  San Juan Cnty., Utah v. U.S., 503 F.3d 1163, 1204 (10th Cir. 2007).  "Even if their ultimate goals are actually in opposition, as when the party and nonparty will ultimately clash over any spoils of the party's success in the suit, their common objective with respect to that success is the controlling consideration."  Statewide Masrony v. Anderson, 511 Fed. Appx. 801, 806-07 (10th Cir. 2013) (citing Bottoms v. Dresser Indus., Inc., 797 F.2d 869, 872-73 (10th Cir. 1986)).  Baker and plaintiff's objectives are the same - recover the allegedly unpaid proceeds from defendant.  Baker's contention that he and plaintiff will likely clash as to how Baker's share will be calculated and paid is simply not relevant to the adequate representation requirement.  Accordingly, the court finds that Baker's interests are presumed to be adequately represented by plaintiff.  The court finds Baker has not rebutted this presumption.

Accordingly, the court finds the second, third, and fourth requirements have not been met.  As such, Baker's request to intervene as a matter of right is denied.

7

### III. Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision whether or not to grant a motion for permissive intervention is within the district court's sound discretion. See, e.g., City of Stilwell v. Ozarks Rural Elec. Co-op. Corp., 79 F.3d 1038, 1043 (10th Cir. 1996).

Baker's claims arise from a contract separate from the one at issue in this matter. Under these circumstances and the other circumstances as outlined above, the court finds Baker has not shown a common question. See Statewide Masonry, 511 Fed. Appx. at 808. Furthermore, even if such a threshold showing is made, the court may look to "whether the would-be intervenor's input adds value to the existing litigation." Lower Arkansas Valley Water Conservancy Dist. v. United States, 252 F.R.D. 687, 691 (D. Colo. 2008). In light of plaintiff's "adequate representation" as discussed above, the court finds Baker's input would not add any value . Accordingly, Baker's request for permissive intervention is denied.

### IV. Order

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Baker's Motion to Intervene (Docket No. 16) is **DENIED**.

Date:  June 26, 2014                    s/ Michael J. Watanabe
       Denver, Colorado                 Michael J. Watanabe
                                        United States Magistrate Judge