# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01033-RM-MJW

PDC ENERGY, INC.,

    Plaintiff,

v.

DCP MIDSTREAM, LP,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER (Docket No. 51-1)

Pursuant to the parties' agreement, Fed. R. Civ. P. 26(c), D.COLO.LCivR 7.2, and D.COLO.LCivR 30.2, the Court hereby **GRANTS** the parties' Joint Motion to Enter Stipulated Protective Order and **ENTERS** the following Stipulated Protective Order agreed to by the parties.

**THE PARTIES STIPULATE AND THE COURT ORDERS AS FOLLOWS:**

1.    This Stipulated Protective Order shall be applicable to and govern all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery, as well as all documents produced by either party in response to informal discovery requests, and computerized records (collectively,

"RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2. The party designating information or items for protection under this Order (the "Designating Party") shall limit any such designation to material that qualifies under the appropriate standards. If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party shall notify all other parties that it is withdrawing the designation.

In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," the Designating Party shall make such a designation of CONFIDENTIAL MATERIAL only for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. The "CONFIDENTIAL MATERIAL" designation shall not include any material that the Designating Party has placed in the public domain and/or made available as a matter of public record. For a designation of RECORDS as "RESTRICTED MATERIAL," such RECORDS must otherwise qualify as CONFIDENTIAL MATERIAL, but in addition must be particularly sensitive. A party designating RECORDS as RESTRICTED MATERIAL must have a good faith belief that disclosure of such RECORDS to another party would create a substantial risk of competitive or business injury and must be

subject to the restricted disclosure provided for below. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this action and not for any other purpose.

3. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

- a. the attorneys working on this action on behalf of any party, including in-house attorneys;
- b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;
- c. any parties to this action who are individuals, and the employees, members, directors or officers of parties to this action who are corporations, companies, or partnerships, to the extent necessary to further the interest of the parties in this action;
- d. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;
- e. any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

    f.    the United States District Court for the District of Colorado and Court staff.

4. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

    a.    the attorneys working on this action on behalf of any party, including in-house attorneys;

    b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

    c.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    d.    any non-party witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

    e.    the United States District Court for the District of Colorado, and Court staff.

5. The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Federal Rule of Civil Procedure, Local Rule, and/or Court Order.

6. The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

7. The Parties agree that all RECORDS produced in this case are to be used only for the purposes of this litigation. Within sixty (60) days of the termination of this action between the parties and any related appeals, whether by settlement or a final, non-appealable order, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, shall be returned to the party which produced it (the "Producing Party") or shall be destroyed. If a party chooses to destroy the document and information, that party will certify to the Producing Party that the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL has been destroyed. Otherwise, the party will give the Producing Party notice of a

convenient time and place to return the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

8. Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

    a. In the case of RECORDS produced in discovery, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

    b. In the case of electronic RECORDS or data from databases produced in native format, designation shall be made by labeling the storage media or by providing a separate written notice that the materials so produced are "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to designate an electronic RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after

        discovery of such error to so stamp or otherwise designate the RECORD.

c.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

d.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page.

9.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this action disagrees at any stage of this action with such designation, such party shall provide to the Designating Party written notice of its disagreement with the

7

designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may file a motion under a Level 1 restriction seeking to remove or change the designation from or of the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question, but such relief shall not be requested from the Court before ten (10) days after the Designating Party is served with the required notice. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation. Until the Court rules on the motion, all parties shall continue to afford the RECORDS in question the level of protection to which it is entitled under the Designating Party's designation.

The parties and the Court agree to the following procedure for submitting CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question to the Court for *in camera* review pending resolution of a motion challenging a designation. The CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question shall be submitted consistent with D.C.COLO.LCivR 7.2 to the Court under restricted access at a Level 1 restriction level as an exhibit to the motion challenging the designation. The parties and Court agree that the considerations set forth in D.C.COLO.LCivR 7.2 merit a Level 1 restriction level for the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question pending resolution of the motion challenging the designation.

10. In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this action, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such

use, and the parties agree to take all steps reasonably required to protect its confidentiality during such use.

  a. If any party intends to file with, or submit to, the Court any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in connection with a request for non-discovery relief, that party shall use its best efforts to confer with the Designating Party at least 48 hours before said filing and advise of such intent. At that time, the filing party shall confer with the Designating Party regarding alternatives to filing the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question under restriction, such as redaction, summarization, or restricted access to exhibits or portions of exhibits. If no lesser alternative is agreed to in writing by the filing party and Designating Party, the filing party shall file the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question as a restricted document under a Level 1 restriction pursuant to D.C.COLO.LCivR 7.2.

  b. Within fourteen (14) days after the filing the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in question as a restricted document, the Designating Party may (but is not required to) file a Motion to Restrict Access in accordance with D.C.COLO.LCivR 7.2(c). Pursuant to D.C.COLO.LCivR 7.1(a), the parties agree and stipulate that such Motion to Restrict Access

        shall be unopposed, unless and only if a motion challenging the designation at issue as set forth above in paragraph 9 is pending at the time. If the Court grants the Unopposed Motion to Restrict Access, the RECORDS at issue shall remain restricted. If the Court denies the Unopposed Motion to Restrict Access, or if no such motion is filed by the Designating Party within fourteen (14) days after the RECORD in question was filed under restriction, the Court will allow the document to be open to public inspection.

    c.    In the event any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any public court proceedings, the Court shall solely and exclusively governs its use in open court. If the Designating Party seeks to protect against public dissemination of such information or document, the Designating Party may file a Motion to Restrict Access in accordance with D.C.COLO.LCivR 7.2(c). Pursuant to D.C.COLO.LCivR 7.1(a), the Parties agree and stipulate that such Motion to Restrict Access shall be unopposed, unless and only if a motion challenging the designation at issue as set forth above in paragraph 9 is pending at the time.

    11.    If any party intends to disclose any RESTRICTED MATERIAL information to a witness described in paragraph 3(e) at a deposition and such witness would not otherwise be entitled to access such RESTRICTED MATERIAL information (the "Disclosing Party"), counsel for the Disclosing Party shall provide written notice to the

Producing Party and/or the Designating Party of the intention to so disclose the source of or the specific document containing the RESTRICTED MATERIAL information at least four (4) business days prior to such intended disclosure. If the Producing Party or Designating Party objects to such disclosure, then the Producing Party or Designating Party shall issue a written objection to the counsel intending to make such disclosure within two (2) business days of receiving written notice of the intent to disclose. Unless the parties otherwise resolve their disagreements, the Producing Party or Designating Party shall file a motion for protective order pursuant to D.C.COLO.LCivR 30.2 or the objection is waived. In the event that the Producing Party or Designating Party does not file a motion for protective order, then the Disclosing Party shall (i) endeavor in good faith to handle the RESTRICTED MATERIAL Information in such a manner as to disclose no more of the RESTRICTED MATERIAL Information than is necessary in order to examine the witness; and (ii) the witness is not permitted to retain the RESTRICTED MATERIAL Information after the witness is examined regarding the RESTRICTED MATERIAL Information. Moreover, counsel for each party representing any such deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain his or her execution of the Certificate of Compliance. Any witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order.

12. Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any

RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

13.   Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14.   In the event any information or document is produced that the Producing Party later claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the Receiving Party shall, within five (5) business days of receipt of a written request and replacement media for document collections produced on electronic storage media by the Producing Party, return the original to the Producing Party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains.  Inadvertent production of privileged, work product protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications.  Return of a document for which the Producing Party has asserted a claim of privilege, work-product protection, or immunity under this

paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, work product protection or immunity is invalid; provided, however, that mere production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

15. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the Designating Party.

16. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 16, inclusive hereof.

**AGREED TO** this 29th day of July, 2014.


/s/ Elizabeth H. Titus
Elizabeth H. Titus
Hogan Lovells US LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
Telephone: (303) 454-2468

Attorney for Plaintiff PDC Energy, Inc.

/s/ Michael A. Sink
Michael A. Sink
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202
Telephone: (303) 291-2458

Attorney for Defendant DCP Midstream, LP


**ENTERED BY THE COURT** this 5TH day of August, 2014.

_____
Michael J. Watanabe
United States Magistrate Judge

**AGREED TO** this 29th day of July, 2014.

_____      *Michael A. Sink* (signature)
Elizabeth H. Titus                                Michael A. Sink
Hogan Lovells US LLP                      Perkins Coie LLP
1200 Seventeenth Street, Suite 1500    1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202                  Denver, Colorado 80202
Telephone: (303) 454-2468               Telephone: (303) 291-2458

Attorney for Plaintiff PDC Energy, Inc.    Attorney for Defendant DCP Midstream, LP

**ENTERED BY THE COURT** this _____ day of _____, 2014.

_____
Michael J. Watanabe
United States Magistrate Judge

14

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on _____, 2014, in *PDC Energy, Inc. v. DCP Midstream, LP*, Case No. 14:-cv-01033-RM-MJW in the United States District Court for the District of Colorado, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Stipulated Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with, or violation of the above-described Order.

_____

_____
Print Name

Dated: _____, 20__